**UNITED STATES DISTRICT COURT**
**WESTER DISTRERICT OF NEW YORK**

---

**DWAYNE IVERY,**                                                          SUPPLEMENTAL
                                                                                      MEMORANDUM
                                                                                            OF LAW
                         **Plaintiff,**

v.

**ALEXANDER C. BALDAUF,**                                        Civ. No 14 CV 6041
**RICKY J. HARRIS, JR., JAMES SHEPPARD**
**And CITY OF ROCHESTER,**

                         **Defendants.**

---

### I. BY ACCEPTING THE ACD PLAINTIFF RENDERED HIS ARREST A NULLITY BY STATUTE AND MAY NOT PROCEED UNDER 1983 FOR FALSE ARREST.

As an initial matter, "A 42 U.S.C.S. § 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law. The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." J*enkins v City of NY*, 478 F3d 76, 81 [2d Cir 2007]. Analyzing the ultimate disposition of a criminal proceeding is essential when evaluating a false arrest claim under 1983.

NY CLS CPL § 170.55 (8) states the following:

> *8. The granting of an adjournment in contemplation of dismissal shall not be deemed to be a conviction or an admission of guilt. No person shall suffer any disability or forfeiture as a result of such an order. Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution **shall be deemed a nullity** and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution*

By accepting the ACD and escaping prosecution, Plaintiff concedes, pursuant to statute, that his arrest **never happened**. The criminal defendant may not then turn around and use his

agreement with prosecution to argue that the arrest was unjustified because the case was ultimately dismissed. Allowing a criminal defendant to civilly prosecute a case which is a nullity is to permit him to get the benefit of a brokered deal with the government, while using that very deal to sue the government. In *Triebwasser v State*, 117 Misc 2d 92, 94 [Ct Cl 1982] the Court held that under the language of CPL 170.55, "Plaintiff's arrest becomes a nullity following acceptance of an ACD, and therefore, cannot be used to institute civil action. We should also note the language in the last sentence of amending CPL 170.55 (subd 6) that, HN2 "Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution." By definition nullity means the total absence of legal effect or existence, i.e., the state of being nothing, of never having existed. If the arrest and/or prosecution never existed then, in contemplation of law, the plaintiff in the civil action does not have a viable cause of action sounding in either the tort of false arrest or the tort of malicious prosecution." *Id*. at 94.

Plaintiff agreed in the criminal court that his arrest and imprisonment never happened. He may not now allege that this very non-existent arrest violated his constitutional rights.

**Wherefore**, all claims should be dismissed with prejudice.

Dated: July 24, 2017         BRIAN F. CURRAN, CORPORATION COUNSEL

                                    s/ Spencer L. Ash Esq., *of Counsel*
                                    Attorneys for Defendants
                                    City Hall Room 400A, 30 Church Street
                                    Rochester, New York 14614
                                    (585) 428-6699

To:   Charles F. Burkwit, Esq.
      Counsel for Plaintiff
      16 E. Main St., Suite 450
      Rochester, New York 14614