**UNITED STATES DISTRICT COURT**
**WESTER DISTRERICT OF NEW YORK**

_____

**DWAYNE IVERY,**                                                          **SUPPLEMENTAL**
                                                                                            **MEMORANDUM**
                                                                                                   **OF LAW**

                             **Plaintiff,**

**v.**

**ALEXANDER C. BALDAUF,**                                         Civ. No 14 CV 6041
**RICKY J. HARRIS, JR., JAMES SHEPPARD**
**And CITY OF ROCHESTER,**

                             **Defendants.**

_____

## I. THE HOLDING IN ROESCH V. OTAROLA IS APPLICABLE

    First, the arrest and imprisonment in this matter is a nullity pursuant to NY CLS CPL § 170.55 (8), which, in part, states the following:

> *8. Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution **shall be deemed a nullity** and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution.*

    In *Roesch v Otarola*, 980 F2d 850, 853 [2d Cir 1992].) the Second Circuit held: "If we permit a criminal defendant to maintain a section 1983 action after taking advantage of accelerated rehabilitation, the program, intended to give first-time offenders a second chance, would become less desirable for the State to retain and less desirable for the courts to use because the savings in resources from dismissing the criminal proceeding would he consumed in resolving the constitutional claims. *A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim*. Thus, we hold trial rehabilitation program is not a termination in favor of the accused for purposes of a civil rights suit." *See Konon v. Fornal,* 612 F. Supp. 68, 69-72 (D. Conn. 1985); *see also Lindes v. Sutter,* 621 F. Supp. 1197, 1201-02 (D.N.J. 1985) (applying *Singleton* to New Jersey pretrial intervention program); *Cissell v. Hanover Insurance Co.,* 647 F. Supp. 757, 758-59 (E.D. Ky. 1986) (applying *Singleton* to pretrial diversion agreement).

*Otarala* has not been overturned.  When read together with NY CLS CPL § 170.55 (8) that allowing a criminal defendant to sue after accepting an ACD would expose the government to liability and undermine the purpose of such dispositions, which is judicial economy.  Permitting the recipient of an ACD to pursue a 1983 claim for false arrest would be like permitting a Plaintiff to continue to pursue claims after signing a general release, stipulation of discontinuance and receiving settlement funds.  Such a result would be untenable and is neither supported by statutory law or judicial precedent.

*Otarala* is further supported by *Duamutef v. Morris, 956 F. Supp. 1112, 1115, (S.D.N.Y. 1997)* wherein Court held that in evaluating a 1983 claim the Court "[M]ust consider whether a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  While not convicted, Plaintiff did not prove his innocence and by accepting an ACD he agreed that his arrest and imprisonment were legally non-existent.  To find his arrest unlawful would be inconsistent with the resolution in the criminal matter.

**Wherefore**, all claims should be dismissed with prejudice.

Dated: July 24, 2017            BRIAN F. CURRAN, CORPORATION COUNSEL

                                           s/ Spencer L. Ash Esq., *of Counsel*
                                         Attorneys for Defendants
                                         City Hall Room 400A, 30 Church Street
                                         Rochester, New York 14614
                                         (585) 428-6699

To:     Charles F. Burkwit, Esq.
         Counsel for Plaintiff
         16 E. Main St., Suite 450
         Rochester, New York 14614